UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Pat Kennedy, Individually,

    Plaintiff,

v.

Case No. 6:17-cv-01627-PGB-KRS

ADI Viera Hotels, LLC, d/b/a Holiday Inn
Melbourne - Viera Conference Center,

    Defendant.
_____/

### PLAINTIFF'S NOTICE OF SERVICE OF REQUESTS FOR ADMISSION

Plaintiff, by and through undersigned attorneys, files this Notice of Service of Requests for Admission propounded to the above-named Defendant, to be answered in writing under oath and within the time allowed by the applicable rules of the Court.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email and U.S. Mail on this January 22, 2018, to

A. J. Stanton
PO Box 560024
Orlando FL  32856

                                      Christine N. Failey, Esq.
                                      **Thomas B. Bacon, P.A.**
                                      PO Box 55404
                                      St. Petersburg, FL 33732
                                      *ph. (813) 481-9320*
                                      cfailey@cfaileylaw.com
                                      By_____
                                           Christine N. Failey, Esq.

**Exhibit "A" - 11 Pages**

## PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT

*PLEASE RESPOND BY ANSWERING ON THIS DOCUMENT*
*(IF ANY ANSWER NEEDS TO BE QUALIFIED, PLEASE LIST THE NUMBER OF*
*THE REQUEST AND SET FORTH ANY QUALIFICATION TO YOUR ANSWER)*

|   | ADMIT | DENY |
|---|---|---|
| 1. Admit or deny that the provisions of the Americans with Disabilities Act and certain of the Federal Regulations enacting the Americans with Disabilities Act, 28 CFR Part 36, apply in this action. | [ ] | [ ] |
| 2. Admit or deny that the removal of any barriers to access on Defendant's property would not create an undue hardship on the Defendant. | [ ] | [ ] |
| 3. Admit or deny that Defendant is the owner/operator/lessor or leases from the owner of the place of public accommodation described in the Complaint. | [ ] | [ ] |
| 4. Admit or deny that the Defendant's property is a place of public accommodation within the meaning of the Americans with Disabilities Act. | [ ] | [ ] |
| 5. Admit or deny that the removal of any barriers to access on Defendant's property is readily achievable. | [ ] | [ ] |
| 6. Admit or deny that the Defendant's property contains barriers to access as defined under the Americans with Disabilities Act. | [ ] | [ ] |
| 7. Admit or deny that the removal of any barriers to access on Defendant's property is required. | [ ] | [ ] |
| 8. Admit or deny that the last application for a building permit or permit extension in regard to the initial construction of the subject property was certified or complete by a State, County, or local government after January 26, 1992. | [ ] | [ ] |
| 9. Admit or deny that the last application for a building permit or permit extension received by the applicable governmental agency in regard to the initial construction of the subject property was received by the State, County or Local government after January 26, 1992. | [ ] | [ ] |
| 10. Admit or deny that the first Certificate of Occupancy for the subject property was issued after January 26, 1993. | [ ] | [ ] |

2

**Exhibit "A" - 11 Pages**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Pat Kennedy, Individually,

    Plaintiff,

v.

Case No. 6:17-cv-01627-PGB-KRS

ADI Viera Hotels, LLC, d/b/a Holiday Inn
Melbourne - Viera Conference Center,

    Defendant.
_____/

## PLAINTIFF'S REQUESTS FOR PRODUCTION

Plaintiff, by and through undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure, requests that Defendant produce, within the time allowed by said Rules, at the offices of the undersigned, the following documents:

a. All blueprints, site plans, and other architectural renderings for the property in the possession, custody or control of the Defendant, showing the number and location of any stores, rooms, entrances, pathways, bathrooms, and parking spaces for the property.

b. Any and all reports, memoranda, documentation, or other writings from 1990 to the present concerning compliance with the Americans With Disabilities Act.

c. A copy of any of Defendant's Tax Returns from 1990 through the present or since the Defendant commenced ownership or management of the subject property, whichever is later.

d. A copy of any and all mortgages secured by the subject property.

e. A copy of any and all current estoppel letters from lending institutions for the subject property.

f. A copy of any and all financial offerings, including applications made to any bank or financial institution by Defendant within the last five years

7. A copy of any and all closing statements used in the acquisition of the subject property, if such was made subsequent to 1990.

1

**Exhibit "A" - 11 Pages**

h. A copy of any and all tax bills for the subject property within the last three years.

i. Copies of any and all checks representing any payments for any action taken, while Defendant was owner of the subject property, to improve the property to achieve compliance with the ADA or otherwise provide increased accessibility for disabled persons.

j. Any and all documents evidencing the number of employees of the Defendant for the last three (3) years, including but not limited to, unemployment compensation tax returns, employee ledgers, and other documentation. (You may list the number of employees for each year in lieu of these records.)

k. Any and all documentation or lease or tenant occupancy agreements between Defendant and all persons or entities presently renting, leasing or otherwise operating at the subject property.

l. Any and all documentation in the possession or control of the Defendant evidencing auxiliary aids and services for the Defendant's premises referred to in the Complaint including receipts to purchase same.

m. Any and all documentation in the possession or control of the Defendant evidencing written policies or procedures for the Defendant's premises referred to in the Complaint that are in effect, to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

n. Copy of any agreement concerning the use of the parking area of the Defendant.

o. A copy of any existing architectural plans to renovate the facility, and a copy of any contractor contracts executed in conjunction with implementing such plans.

p. A copy of any and all agreements between Defendant or its agents or its predecessor in title and any contractor or subcontractor retained to perform any improvements and/or alterations for the subject property since January 1, 1990.

q. All management agreements for the subject property.

r. All applications for a building permit for all or part of Defendant's property, while the Defendant owned or operated the subject property or since 1990, whichever is later.

**Exhibit "A" - 11 Pages**

s.  A copy of all Certificate of Occupancy(ies) that were issued for any of the buildings that are part of the subject property owned or operated by the Defendant.

t.  In conjunction with the initial construction of the subject property, all applications for a building permit, or permit extension, certified as complete by the State, County or Local government after January 26, 1992; or if the applicable jurisdiction does not certify completion of applications, a copy of the last application or building permit or permit extension provided to the State, County or Local government after January 26, 1992.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email and U.S. Mail on this January 22, 2018 to:

A. J. Stanton
PO Box 560024
Orlando FL  32856

Christine N. Failey, Esq.
**Thomas B. Bacon, P.A.**
PO Box 55404
St. Petersburg, FL 33732
*ph. (813) 481-9320*
cfailey@cfaileylaw.com

By _____
Christine N. Failey, Esq.

**Exhibit "A" - 11 Pages**